DRUG CO. OF PORTO RICO, INC., Plaintiff and Appellee, *v.* NEFTALÍ MIRANDA, Defendant and Appellant.

No. 5920. Argued April 5, 1932.—Decided June 16, 1933.

*V. Polanco de Jesús* for appellant. *L. Feliú* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Drug Company of Porto Rico, Inc., brought an action against Neftalí Miranda to recover $2,347.20, interest and costs, and by a motion sought to secure the effectiveness of any judgment that might be rendered in accordance with the Act of 1902 on the subject (Comp. Stat. 1911, p. 849). The court so decreed upon the giving of a bond in the sum of $3,000, and after the same was given, the marshal attached in the town of Morovis a drug store belonging to the defendant, which he delivered to Angel M. Méndez, an employee of the plaintiff, as depositary, and the sum of $6.87, which he deposited in a bank of known solvency. The goods in the establishment were sold at public auction and yielded $652.50, which was deposited in the office of the clerk.

The defendant answered, and the case was set for trial on June 4, 1931. The plaintiff failed to appear on that day, whereupon the defendant moved for a dismissal of the action. The court rendered judgment accordingly.

On the next day, the plaintiff filed a long motion setting forth the reasons for its failure to appear at the trial, and requested to be relieved from the effects of the judgment rendered against it.

Eight days afterward the defendant filed a writing in which he stated:

"That he has no objection to the setting aside of the judgment, but subject to the following conditions:

"A.—That the plaintiff be adjudged to pay the costs consisting of transportation expenses, fees of witnesses, and $25 for attorney's fees.

"B.—That the attachment levied in this case be vacated in accordance with the provisions of section 13 of the Act to secure the effectiveness of judgments, of March 1, 1902, since the setting aside of the judgment was equivalent to a suspension of the suit on petition of the plaintiff without the same being based upon *force majeure* properly proved, for the case was set on the day designated for the reading of the calendar; it stood for more than a month on the

calendar awaiting trial, and notice of said setting was given to the plaintiff by the clerk of this Hon. Court, by means of a postal card, in the same manner that it was given to this defendant.''

The court did not decide anything immediately, and on August 7, 1931, the defendant filed a motion praying for the delivery to him of the proceeds of the sale of the attached property. The plaintiff objected. The court heard both parties, and in passing upon all the issues pending, by an order dated November 27, 1931, it set aside its judgment of June 4 last, reopened the case, adjudged the plaintiff to pay the automobile transportation expenses and fees of witnesses incurred by the defendant in appearing for the trial of the case on June 4, plus $25 for attorney's fees, and held that the goods attached did not have to be returned to the defendant. From that order the present appeal has been taken.

The appellant does not attack the order of the court in so far as the same set aside the judgment of June 4, 1931. What he maintains is that the return of the attached goods should have been ordered in accordance with the express provisions of the Act of 1902 to secure the effectiveness of judgments, to wit: ''Every remedy to secure the effectiveness of a judgment shall be void if the suit be suspended on petition of the party in whose favor the remedy was granted; or if the date fixed by the court for the hearing be extended on the petition of said party, except in case the petition for suspension of proceedings or extension of time be based upon *force majeure* properly proved.'' Section 13, Act to secure the effectiveness of judgments, approved in 1902 (Comp. Stat. 1911, p. 851).

Really, no continuance was applied for in the instant case. The case was set for trial, and as the plaintiff failed to appear, the court rendered judgment dismissing the action.

It cannot be doubted that what occurred had the effect of suspending the suit, but it cannot be doubted either that the court had power to set aside the judgment, and that once

such power was affirmatively exercised, things reverted to the same state and condition in which they were before said judgment was rendered.

The court was under no obligation to accept the conditions imposed by the defendant in order to consent to the motion. It accepted one, the one it deemed just. It rejected the other, and it has not been shown that in so doing it abused its discretion.

The appellant further maintains that under the holding of this court in the case of *José González Clemente & Co.* v. *López et al.,* 32 P.R.R. 824, his motion should have been sustained.

That holding, to quote from the syllabus, was as follows:

"When an action of debt is dismissed the attachment granted therein is dissolved and an action brought by the defendant to recover from the plaintiff and his sureties the damages caused by the attachment should be sustained, it being no defense that the plaintiff may have acted in good faith, or that the action may have been dismissed because the plaintiff brought it in his name instead of as the agent of the real creditor, or that the damages caused by the sale of the attached perishable property would have been avoided if the plaintiff had paid his debt to the real creditor."

However, between the facts in the case of González Clemente & Co., *supra,* and those in the instant case, there is considerable difference. There the judgment was not set aside. It was rendered on the pleadings and was final, and naturally, everything that was accessory or incidental to the suit followed the fate of the latter and was definitely determined. Herein, when the judgment was set aside the action reverted to the same condition in which it was before, and, consequently, the attachment again became effective.

The appeal should be dismissed and the judgment appealed from affirmed.